CaRüthers, J.,
delivered the opinion of the Court/
The indictment is for larceny, in feloniously taking a twenty dollar gold piece, of one Eacles. The charge is well sustained by the proof; and the verdict of guilty, and the judgment thereon, must be affirmed, if the law was correctly charged by the Court.
The controverted point arises upon this state of facts : “ The prosecutor left his room, and trunk unlocked, but closed, in charge of defendant. He told him there was money in the trunk, and to keep the room secured.” In his absence, one double eagle was taken by the defendant, and applied to his own use, and perhaps other monies, but that is all that is fixed upon him by the evidence. The Court charged, that the tailing of the money, under these circumstances, constituted the crime of larceny. For the defendant, it is insisted that it was only a trespass, as the money was in his hands as bailee. We think the law is as charged by His Honor.
It is true, that there must be a trespass in the taking, and that is not the case when the bailee converts property. ' But that must be where the particular thing taken, was bailed. In 4 Black. Com., chap. 17, p. 230, texts note, the law on this point is laid down, and has, perhaps, never been departed from. He says there must be a talcing, which implies the consent of the owner to be wanting. Therefore, no delivery of the owner, to the offender, upon trust, can ground a larceny. As if A *122 lends B a horse, and he rides away with him — or, if I send goods by a carrier, and he carries them away — there are no larcenies. But if the carrier opens a bale, or paclcage of goods, or pierces a vessel of roine, and talces away a part thereof, these are larcenies, “ for here the animus furandi is manifest.” It will then be very clear, that if a trunk be left in the custody of any one, to keep safely, or even carry, and he opens it, and appropriates part, or the whole of its contents, to his own use, it is larceny. If the money itself had been handed to him, to keep safely, or to carry, and he had applied i t to his own use, it would be otherwise — only a trespass. The money in this case, was never placed in his keeping, but only the trunk.
This case cannot be distinguished from those put in the books, and cited above, but must be covered by the same principle. The case, then, is free from error, and the judgment will be affirmed, and the sentence enforced.